UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0139-TWP-MJD |
| | ) | |
| VERRHONTEZ WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PETITION ALLEGING VIOLATION OF SUPERVISION**

On November 15, 2013, the Court conducted a hearing on the petition alleging a violation of supervision filed on September 3, 2013.   Verrhontez Williams appeared in person with appointed counsel, Michael J. Donahoe.  The Government appeared by Matthew J. Rinka, Assistant United States Attorney.  U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer.

Williams was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.  Donahoe stated that Williams would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the petition.  Williams executed a written waiver of the preliminary hearing, which the Court accepted.

The government dismissed violations 1, 3, and 4.  Williams stipulated that he committed violations 2 and 5 in the petition as follows:

1

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall not leave the judicial district without the permission of the Court or probation officer."* |
| | On August 23, 2013, the probation officer attempted to contact the offender at his residence but he was not at home. The probation officer later spoke to the defendant via phone who admitted he was traveling to South Bend, Indiana, for an appointment on August 26, 2013. The offender did not have permission to travel to the Northern District of Indiana. |
| 5 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
| | On August 26, 2013, the offender was advised by the probation officer in person that all travel outside of the district must be approved. The offender needed to travel back to South Bend, Indiana, to meet with his attorney and would return that evening. Travel was approved and the offender was instructed to call to ensure he was back in the district. The offender did not return to the district and failed to call or leave a message. |

The Court placed Williams under oath and directly inquired of Williams whether he admitted the violations of the specifications of his supervised release set forth above. Williams stated that he admitted the violations.

The parties stipulated that the most serious grade of violation committed by Williams constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b), that Williams has criminal convictions that yield a criminal history category of IV, and that the term of imprisonment applicable upon revocation of Williams's supervised release is 6-12 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a). The parties argued what sentence was appropriate for Williams.

The Magistrate Judge, having heard the admission of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, now finds that the Defendant, Verrhontez Williams, violated the above-delineated conditions in the petition.

For the reasons more fully set forth on the record, and considering the factors set forth in 18 U.S.C. § 3553(a), the Magistrate Judge recommends that Williams' supervised release be revoked and that he be sentenced to the custody of the Attorney General or his designee for ten months, with the remaining seven months of supervision to follow under the same terms and conditions previously imposed.

The Court further requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.  The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. ' 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.

Dated:  11/26/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Matthew J. Rinka
Assistant United States Attorney
Matthew.Rinka@usdoj.gov

Michael J. Donahoe
Indiana Community Federal Defender
Mike_Donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal